Cordy, J.
(concurring). I agree that the wording of G. L. c. 278, § 29D, dictates the outcome reached by the court. I concur only to point out the anomalous result created by phrasing of the statute. Here, more than twenty-five years after his plea of guilty, and long after the records of precisely what occurred at the plea hearing had been duly destroyed pursuant to court rule, the defendant is able to undo his conviction because he wishes to make a trip to visit old friends and family in his native country, *190 and might well be denied reentry to the United States, in light of the conviction — all because, not surprisingly, the Commonwealth cannot clearly prove that when he pleaded guilty in 1989 he was advised that such a denial of reentry might someday occur as a result.
If, on the other hand, deportation proceedings had been commenced against the defendant at some point over the last twenty-five years based on the same conviction, such a wiping clean of the criminal record would not have been available to him, given that the Commonwealth was able to obtain an affidavit regarding the distant memory of a still living retired judge that he was certain he would have advised the defendant in 1989 that deportation (as well as the denial of naturalization) might be a consequence of the conviction. Of course, once the conviction is vacated due to the travel reentry concern, neither a deportation nor a denial of naturalization could occur as a result of it.
The present case involved only the crime of larceny of a motor vehicle, but the statute applies to all crimes against persons and property to which a person might have pleaded guilty any time after 1978, when the statute was enacted. As is evident in this case, there is no time limit as to when a challenge can be brought — and a plea of guilty vacated — even though the plea may have been voluntary and fully supported by the facts. Further, contrary to the ordinary presumption of regularity in court proceedings that is applied in all other motions to vacate guilty pleas where, because of the passage of time, the record of the proceeding is not fully available, the statute creates the opposite presumption when immigration warnings are at issue.
If this is indeed what the Legislature intends, so be it.